IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00743-PAB-MDB

ALLSTATE INDEMNITY COMPANY, an Illinois corporation,

 Plaintiff,

v.

BROAN-NUTONE, LLC, a Delaware limited liability company,

 Defendant.

---

# ORDER

---

 This matter comes before the Court on the Stipulation to Extend Dismissal Timeline and Vacate Pretrial Orders [Docket No. 120] and Plaintiff's Fourth Motion for Enlargement of Time to File Stipulation for Dismissal [Docket No. 124].

 The Court will address two requests from these motions: a request to extend the deadline for filing dismissal paperwork and a request that the Court vacate its orders on pre-trial motions in limine and its order to exclude certain testimony of a non-retained expert witness. *See* Docket No. 120 at 1 (requesting vacatur of the Court's orders found at Docket No. 110 and Docket No. 113); Docket No. 124 at 2.

 The Court will grant the request for an extension of time. The Court will order the parties to file dismissal papers or a status report on or before February 20, 2026.

 The Court will deny the motion to vacate the Court's prior orders. "Judicial precedents are presumptively correct and valuable to the legal community as a whole.

They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (quotation omitted). "Settlement does not justify vacatur" absent "exceptional circumstances." *Id.* at 29. While it is desirable to encourage settlement, there are "significant countervailing considerations" a court must weigh before vacating an order. *Oklahoma Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993). A court must consider that a "policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse." *Id*. In fact, economic modeling has shown that the prospect of vacatur does not encourage settlement, but rather encourages parties to engage in "speculative litigation" because parties believe that an unfavorable outcome of litigation can simply be vacated through a settlement agreement conditioned on vacatur. Jill Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur*, 76 Cornell L. Rev. 589, 637 (1991). The primary manner in which parties may seek relief from the "legal consequences of judicial judgments" is through the appeals process*. U.S. Bancorp Mortg. Co.,* 513 U.S. at 27. It would "disturb the orderly operation of the federal judicial system" if a court were to "allow a party . . . [to] step[] off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment." *Id*. None of the principles discussed in these cases support vacating the Court's summary judgment order.

Defendant invoked the jurisdiction of the Court to resolve its claims against plaintiff. *See* Docket No. 1. Had the parties wished to resolve the dispute in a matter

that did not involve public proceedings, there were ways to do so.  For example, the parties could have submitted the dispute to binding arbitration.  The parties did not choose that option and therefore cannot now expect that orders relating to the dispute, properly entered and unrelated to settlement, will now be vacated.

It is therefore

**ORDERED** that the Stipulation to Extend Dismissal Timeline and Vacate Pretrial Orders [Docket No. 120], insofar as it requests the Court vacate prior orders, is **DENIED**.  It is further

**ORDERED** that Plaintiff's Fourth Motion for Enlargement of Time to File Stipulation for Dismissal [Docket No. 124] is **GRANTED**.  It is further

**ORDERED** that, on or before **February 20, 2026**, the parties shall file dismissal papers or a status report.

DATED January 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge